### KIRK PREWETT, administrator, et al. *vs.* STERLING H. BUCK-INGHAM.

S. H. B. and W. H. were copartners in the mercantile business, and as such they recovered a judgment at law against W. M. B. and B. O., under which certain lands were sold and purchased by the said W. H.; to whom a deed was made by the sheriff, in his (W. H.'s) individual name in the year 1840, but no money was paid except the cost of the suit, yet the money was treated as paid, the purchaser being one of the plaintiffs in the execution; and W. H. went into possession of the lands immediately after the purchase, retaining the same until his death in the year 1850, enjoying the proceeds and profits to his own use. In May, 1843, in writing, W. H. agreed that S. H. B. was entitled to one half the lands; that the deed should have been made to them jointly, and that S. H. B. and W. H. had agreed to sell the land jointly as one tract, and the proceeds to be equally divided between them, and that they should be joint partners in the land. S. H. B. filed a bill to recover the land, setting forth the above facts; and further, that the firm of S. H. B. and W. H. are indebted to the law firm of D. C. & G. in the sum of $565 due in 1840, and that there are no assets of the firm to pay that debt except the balance due on the above-mentioned judgment and the lands held in the name of W. H., with the rents and profits thereof, who left at his death a widow and heir at law, now claiming title to the lands, and are made defendants to the bill. The prayer is for an account of the moneys collected by W. H. on the judgment, and for rents and profits of the lands, and that the lands be sold and the attorney's claim against the firm be paid, and the residue equally divided between the complainant and the representatives of W. H., deceased. The answer admits the main facts of the bill, and relies upon the statute of limitations as a defence; it being proven that W. H. admitted that the land was bid off by him for the firm, but that he stated at the time the firm was indebted to him for his private means advanced, and that it was agreed that he was to take the land at $1,000 in a settlement made or to be made between them of the firm affairs, and that the repairs and improvements made by W. H. were equal in value to the rent during his lifetime. The court below decreed an account of the transactions to be taken between the partners, and of the amount due on the attorney's claim,

Prewett et al. *v.* Buckingham.

and of the rents and profits of the land received by W. H. or his representatives, to be reported to the court, and that the land be sold. *Held*, that the decree of the court below was erroneous.

This bill must be regarded as a bill for an account and settlement of the partnership transactions; for it seems to be founded on the idea that no settlement had been made between the partners, although no such allegation is expressly made, nor does it show that the deceased partner's estate is indebted to the complainant in any sum, nor that there are any debts against the firm unpaid except the claim of D. C. & G.; and as that claim, if asserted by the parties themselves against the deceased partner would be barred by the statute, the complainant cannot be permitted to make use of it as a charge against the deceased partner.

Considering the bill, therefore, as entitled to occupy no better position than a bill for an account, it is well settled, that the statute of limitations is a bar to a bill filed for an account of partnership transactions.

W. H. purchased and held the land in trust for the firm; but it was a resulting trust. By the sheriff's deed which was made to him upon its face in his individual right, the absolute legal title was conveyed to him; and the subsequent agreement made by him did not create a direct, technical trust, but was merely evidence that he held the legal title, subject to the equitable rights of the firm. *Held*, that in such a case the rule is, that where a party acquires title or possession of property in his own name, and is afterwards by matter of evidence or construction of law changed into a trustee, the statute of limitations is a bar.

For the same reason, it cannot be objected to the operation of the statute, that the possession of the trustee was the possession of the *cestui que trust*, for this applies to cases of direct technical trust, and not to resulting trusts.

The statute of limitations is a good bar to the relief sought, and the bill should be dismissed.

ON appeal from the northern district chancery court at Fulton; Hon. Henry Dickinson, vice-chancellor.

The facts of the case are sufficiently set forth in the opinion of the court.

*D. C. Glenn*, for appellants.

1. The court should have sustained the defence of the statute of limitations. Hardy received his deed for the land in August, 1840. His written acknowledgment of Buckingham's interest therein is dated in May, 1843. This suit was instituted the 24th September, 1851. Eight years and five months after the cause of action (if any such there was) accrued; and seven

years and seven months after the passage of the act of 24th February, 1844; so that to whatever clause of that statute this claim may be referred, it is barred.  We are entitled to the defence on the demurrer even if the plea is defective.

2.  This suit is brought to settle a single item of partnership accounts, and to subject a single item of partnership property. It is not brought on a balance due on an account stated.  No averment is made that the partnership accounts have been settled and this remains due.  The proof shows the accounts between the partners were unsettled, and one partner has no right to a single piece of property in this way, and force a division without a general accounting.  Creditors might do so, but partners cannot, and here no creditors are forcing a settlement, but one partner, under pretence of paying a lawyer's bill, (barred on its face by the statute of limitations,) is forcing an isolated accounting on his copartner, offering no general account or settlement.  Now it may well be, and so the answers charge, and so the proofs tend to show, that if this account was had, it would show that Buckingham is largely indebted to Hardy, and (as between them) instead of a decree disturbing Hardy and his heirs after twelve years' peaceable possession of this land, one would be ordered requiring Buckingham to pay them a large sum of money.  The fee bill pretended, will not save the complainant from this conclusion. It is barred by the statute, denied by the answers, and there is no legal proof of it in the record.  So the case stands as between partner and partner alone.  One claiming his share of a single item of the joint effects, showing himself that no general settlement was ever had; the other demanding such a settlement, and averring a large balance due him, the proof sustaining the averment; and yet a special decree is made, and no general settlement required by the court.  This was error.  I refer to Story on Part. § 221, and note; Ib. 229, and note; 1 Story, Eq. Juris. § 664, 671, and cases cited.  No general settlement or account is prayed for, and no dissolution of the partnership is asked for, and in the face of this decree the respondents may be able yet by another proceeding to compel Buckingham to refund the amount of this decree to them.

*Goodwin* and *Sale*, for appellee.

This bill is filed by the complainant to subject the land in the bill mentioned to sale, to pay a debt due from the firm of Hardy & Buckingham. The title being in Hardy alone, but held as partnership property, the question is, can the land be reached in equity to pay the debts due from the firm.

1. It makes no difference in equity how the title stands, or in whose name or names it may be, the real estate of the partnership will be treated as belonging to the partnership, like its personal funds, and disposable and distributable accordingly; and the parties in whose name the title stands, will be held to be trustees of the partnership, and accountable accordingly to the partners according to their shares as *cestuis que trust*, or beneficiaries of the same. Story on Part. § 92, p. 128; *Coles* v. *Coles*, 15 Johns. Rep. 161.

2. This is particularly the case if the parties have purposely impressed upon it the character of personalty, by their agreement. Story on Part. § 93, p. 129, and note 1, and authorities cited.

3. The partners have a lien upon the partnership property to pay the debts of the firm. Story on Part. § 97, p. 135; Ib. § 98, p. 138, 139.

Mr. Justice HANDY delivered the opinion of the court.

The substance of the bill in this case is, that the complainant and William Hardy were copartners in the mercantile business, and as such recovered a judgment at law, under which certain lands were sold, and purchased by Hardy, to whom a deed was made by the sheriff, in his individual name, in the year 1840; but no money was paid except the costs of suit, but the money was treated as paid, he being one of the plaintiffs in the execution. Hardy went into possession of the lands immediately after his purchase, and retained the same until his death, in the year 1850, enjoying the proceeds and profits to his own use; but in May, 1843, in writing he agreed "that Buckingham was entitled to one half the lands, that the deed should have been made to them jointly, and that Hardy & Buckingham had agreed to sell the lands jointly as one tract, and the proceeds to

be equally divided between them, and that they should be joint partners in the lands." The bill further states that the firm of Hardy & Buckingham is indebted to the law firm of Davis, Cocke & Goodwin in the sum of $565, and that there are no assets of the firm to pay that debt, except the balance due on the above-mentioned judgment and the lands held in the name of Hardy and the rents and profits thereof; and that Hardy left at his death a widow and heir at law, who claim title to the lands, and are made defendants. The prayer is for an account of the moneys collected by Hardy on the judgment, and of the rents and profits of the lands, and that the lands be sold and the attorneys' claim against the firm be paid therefrom, and the residue equally divided between the complainant and the representatives of Hardy, and for general relief.

The answers of the administrator, widow, and heir state that no settlement was made between Buckingham & Hardy during the lifetime of Hardy, who died in the year 1850; that ineffectual efforts were made by Hardy to obtain such settlement, and that Buckingham was largely in debt to Hardy on account of the partnership; that Hardy remained in the undisputed possession and use of the lands from 1840 till his death, the complainant making no effort to call him to account for the lands, and that during that time he put valuable improvements upon it, for which, in any event, his estate is entitled to allowance, and that the copartnership was dissolved as early as 1844. The answers claim the benefit of a demurrer to the bill, and rely upon the statute of limitations as a bar to the relief sought.

It is proved that Hardy admitted that the land was bid off by him for the firm, but that he stated at the same time, that the firm was indebted to him for his private means advanced, and that it was agreed that he was to take the land at $1,000 in a settlement made, or to be made between them of the firm affairs, and that the repairs and improvements made by Hardy were equal in value to the rent during his lifetime.

The attorneys' claim set up, so far as there is any proof to establish it, appears to have accrued in the year 1840.

The vice-chancellor decreed an account of the transactions

between the partners, and of the amount due on the attorney's claim, and of the rents and profits of the land received by Hardy or his representatives, to be reported to the next term of the court; also, that the land be sold by a commissioner appointed for that purpose, and the sale reported to the next term. And from this decree the present appeal is taken.

The most important question here presented is, the sufficiency of the defence to the bill on the ground of the statute of limitations; and we will proceed to consider that ·question in two points of view : 1st, regarding the bill as merely seeking an account generally of the affairs of the partnership ; and 2d, treating it as a bill by the surviving partner, claiming, as such, the right to control the lands as partnership assets, and to sell them for the purpose of paying firm debts and distributing the residue among the partners.

1. In the first aspect of the question we think it clear, that the bill must be regarded as a mere bill for an account and settlement of the partnership transactions. It seems to be founded on the idea that no settlement had been made between the partners, though no such allegation is expressly made. It does not show that the deceased partner's estate is indebted to the complainant in any sum upon a settlement of their partnership affairs, nor that there are any debts against the firm unpaid, except the claim of the attorneys. That claim, if asserted by the parties themselves against the deceased partner, would clearly be barred by the statute ; and the complainant cannot be permitted to make use of it himself as a charge against the deceased partner, when the claimants themselves could not do so. Thus the bill, without alleging that no settlement was made with the deceased partner, or that there will be a balance due the complainant on an account to be taken, or that all the debts of the firm have been paid, leaving the land in controversy, the remaining partnership assets, to be divided, prays that an account of the affairs of the firm be taken, that the land be sold and the attorney's claim paid, and the balance of the rents and profits, as well as of the purchase-money, be divided.

It is shown, that the land had been in possession of Hardy

and his representatives for about eleven years, and for seven or eight years after the dissolution of the firm, during all which time they had the exclusive use and benefit of it, without any claim to it on the part of the complainant, or any effort to subject it to the partnership debts. This would create a strong presumption that any interest which the complainant may have had in it, was waived or released by agreement between the partners; and it would be incumbent on him to show clearly, upon an account taken of the partnership transactions, that he had a just claim upon the property, before it could be subjected to that claim.

The bill is very vague and uncertain as to the foundation of the complainant's claim, except so far as it proceeds upon the claim of the attorneys, which we have above seen cannot be maintained. We have, therefore, to look to the prayer in order to ascertain its character, and we find that the foundation of the relief sought is an account of the partnership affairs. It is true, that a sale of the land is also prayed, but it is manifest that this must be subordinate to the account, for if on taking the account it should appear that the complainant was indebted to the deceased partner in a larger amount than the complainant's interest in the land was worth, it cannot be pretended that the complainant could demand a sale of the land, there being no debts to be paid.

Considering this bill, therefore, as entitled to occupy no better position than a bill for an account, it is well settled that the statute of limitations is a bar to a bill filed for an account of partnership transactions. Gow on Partnership, 102; Angell on Lim. (2d edit.) 160.

2. But if the bill be considered as a bill to recover the moiety of the land or of its value upon a sale, as partnership property remaining after the payment of all debts against the firm, is it not equally liable to the defence of the statute of limitations?

It may be said that Hardy held the land as a trustee for the firm, in virtue of his written agreement, acknowledging that he purchased it for the firm, and that he held it as partnership property, and therefore that the right of the surviving partner is

not barred, but that he is entitled to the possession and control of the land as partnership assets.

It is true, that Hardy purchased and held the land in trust for the firm; but it was a resulting trust. By the sheriff's deed, which was made to him upon its face in his individual right, the absolute legal title was conveyed to him. The written agreement subsequently made by him, did not create a direct, technical trust, but was merely evidence that he held the legal title subject to the equitable rights of the firm. In such cases, the rule is, that when a party acquires title or possession of property in his own name, and is afterwards by matter of evidence or construction of law changed into a trustee, the statute of limitations is a bar. Angell on Limitations, (2d edition,) 511. Because it is a resulting trust against which the statute runs. Ib. 508.

For the same reason, it cannot be objected to the operation of the statute, that the possession of the trustee was the possession of the *cestui que trust;* for this applies to cases of direct technical trust and not to resulting trusts.

But even if this were a case of direct trust, there is much ground, from the evidence, for the opinion, that the deceased partner assumed absolute ownership and held it for a period of time sufficient to bar the complainant's claim. The facts tending to this conclusion are the declarations of Hardy, shown by the complainant, that the firm was considerably in arrears to him, and that it was agreed that he should take the land at the sum of $1,000, on a settlement made or to be made between them. In addition to this is the fact, that the complainant made no claim to the property during Hardy's lifetime, but permitted him to treat it as his own for a period of ten years.

Upon consideration of the whole case, we are satisfied that the statute of limitations is a good bar to the relief prayed for, and that the bill should have been dismissed.

The decree is reversed, and the bill dismissed with costs.