SAMUEL EDWARDS, Adm'r, &c. *v.* INGRAHAM and READ.

1. EXECUTION: SHERIFF.—A sheriff has no authority to receive money on an execution after the return day thereof; and if he do so, it does not bind the plaintiff in execution; nor will the sheriff be liable to him, in his official capacity, for such payment.

2. LIMITATIONS—STATUTE OF: AGENCY.—If a defendant in an execution, pay the money due thereon, to the sheriff, after the return day of the execution, he thereby constitutes the sheriff his agent to pay the money to the plaintiff, and the failure of the sheriff to pay is a breach of contract, against which the Statute of Limitations will run.

3. SAME.—If the plaintiff in execution, upon receiving notice thereof, assent to the payment made by the defendant to the sheriff, upon the execution, after the return day has elapsed, he acquires only such rights against the sheriff, as was vested in the defendant by the payment, and will be bound by the Statute of Limitations, which has barred the claim of the defendant in the execution.

4. SAME.—A sheriff, receiving money on an execution after the return day thereof, is not bound to give notice of such payment to the plaintiff in execution, in order to protect himself by the Statute of Limitations.

APPEAL from the Superior Court of Chancery.    Hon. Charles Scott, chancellor.

*Lake* and *Smedes*, for appellants,

Filed an elaborate brief, in which they insisted that, the payment having been made to the sheriff after the return day, there was no such relation of trust and confidence between Scarborough, as would prevent the Statute of Limitations. That the fact that the sheriff never returned the execution, or notified the plaintiff of the payment, was not such a fraudulent concealment as would prevent the bar. That the statute always runs, even in cases where a relation of trust and confidence exists between the parties, if the plaintiff could have discovered his rights by reasonable diligence. That in this case, the circumstances show, that the fact of the payment could easily have been discovered, as it appears that the discovery was actually made upon the first effort being made to do so. That plaintiffs knew that Henderson was their debtor—they had a judgment against him—and if they had applied to him directly, or had a new execution issued, the disco-

Edwards *v.* Ingraham et al.

very would have been certainly made. They cited the following authorities: *Barton* v. *Lockhart*, 2 Stew. & Port. 104; *Planters' Bank* v. *Scott*, 3 How. 246; *M'Farland* v. *Wilson*, 2 S. & M. 269; *Crane* v. *Bidwell*, 3 Cushm. 507; Angell on Lim. 196-200; *Cook* v. *Rives*, 13 S. & M. 328; *M'Dowell* v. *Potter*, 8 Barr, 191; *Bredin* v. *Kingland*, 4 Watts, 423; *Stafford* v. *Richardson*, 15 Wend. 305; *Riddle* v. *Murphy*, 7 S. & R. 235; *Crane* v. *Prather*, 4 J. J. Marsh. 75; *Frankfort Bank* v. *Meukly*, 1 Dana, 373; *Railroad Co.* v. *Bridges*, 7 B. Monr. 561.

*T. A. Marshall*, for appellee,

Filed an elaborate brief, in which he controverted the positions taken by appellants' counsel, and contended that Scarborough was the trustee of complainants, and that the trustee is not allowed to plead in equity the Statute of Limitations against the claim of the *cestui que trust* to the trust funds. *Costar* v. *Murry*, 5 Johns. Ch. R. 532; *Harrisburg Bank* v. *Forster*, 8 Watts, 16; *Johnson* v. *Humphreys*, 14 S. & R. 395. That the failure of Scarborough to give notice of the payment to the complainants, was a fraudulent concealment of their rights; that it was his duty to give such notice; the law expressly commanding him to return executions with a correct indorsement thereon of what he had done in the premises. That the return would have given complainants notice; and his failure to make it, was a fraud on their rights. That no case could be found where a trustee had been released from liability, by the Statute of Limitations, where he had been guilty of a fraudulent concealment. *Livermore* v. *Johnston*, 5 Cushm. 289. That the case of *Cook* v. *Rives*, 13 S. & M. 328, was an action at law, and that the court, in delivering their opinion, had intimated that the decision would have been different in equity, an intimation which the subsequent decisions of the court had fully sustained.

FISHER, J., delivered the opinion of the court.

This is an appeal from the decree of the chancellor, overruling a demurrer to the bill of complaint.

The facts of the case are briefly these: The Grand-Gulf Bank, on the 27th of January, 1842, recovered a judgment in Warren

Circuit Court, against John Henderson. An execution was issued on the judgment; a forthcoming bond taken and forfeited. An execution was issued on the bond, and was placed in the hands of Scarborough, then sheriff of said county, which execution, it is alleged, was never returned. About six months after the return day of the execution, on the 10th of October, 1843, Henderson paid to Scarborough the sum of $703, the residue of the judgment.

The complainants being the holders of the judgment by deed of assignment from the bank, filed this bill against Scarborough's administrator, on the 8th of May, 1855, praying a decree for the said sum with interest thereon.

The point presented by the demurrer is, that the claim is barred by the Statute of Limitations.

The money having been paid to Scarborough long after the return day of the execution, he received it merely as the agent of Henderson, with the implied understanding that it should be applied in payment of the judgment. He held the money, not as an officer, but as an agent, for the plain reason, that if he had made return on the execution according to the fact, that he had received the money on the day on which it was paid, the return would not have precluded the plaintiffs in the judgment from issuing another execution. The process was *functus officio*, and could, therefore, confer upon the sheriff no power or authority to act in his official capacity. Scarborough having, then, received the money in his individual capacity, and being accountable only as agent, could only in this character have been held liable. It was simply a breach of contract, and of course must be governed by the Statute of Limitations applicable in such case.

But it is said that the agent was bound to give notice to the bank of his collection of the money; and having failed to give such notice, the statute never commenced running; or, in other words, the agent was guilty of a fraud, and that the statute only commenced running from a discovery of the fraud. It is a sufficient answer to this position to state, that Scarborough was only the agent of Henderson, and that it was his business to notify the bank of the manner in which the money had been paid, and the person to whom such payment had been made. If the bank, upon

being so notified, recognized the payment to Scarborough, he would then be treated as its agent. But if, in the meantime, the statute had run as between him and Henderson, the latter could not, by his own act, create a new liability, so as to make Scarborough liable to the bank; or, in other words, the bank can assert no claim against Scarborough, when Henderson could assert none.

Decree reversed and bill dismissed.