MARY E. WATTS ET AL. *v.* R. B. GUNN ET AL.

1. BILL TO ENFORCE EQUITY IN LAND. *Bill to remove clouds.*
   A bill by the heirs of a decedent, alleging that the decedent purchased land, receiving a bond for title and making two payments, and after his death his administrator, under a void probate decree, transferred the title-bond to one who paid off the balance due, surrendered the title-bond and received a deed from the vendor, from whom the land passed by successive conveyances to a remote vendee, and asking a cancellation of the several conveyances, that the heirs of the original vendor be compelled to make them title, and for possession and an account of rents, is more than a bill to remove clouds from title, and not subject to a demurrer based on the assumption that such is its character.

2. LIMITATION OF ACTIONS. *Implied trusts.*
  The Statute of Limitations runs against implied trusts.

3. SAME. *Successive disabilities of same party.*
  A female infant cannot by marrying tack on to the disability of minority that of coverture, but the statute will begin to run when she attains majority, although married.

4. SAME. *Actions for land. Disability of successive parties.*
  The meaning of § 2147, Code 1871 (art. 1, p. 398, Code 1857), is that, where the right of action has descended from one dying under disability to another resting under disability, ten years and no more shall be given from the death of the first person, within which the second must bring an action to recover land; and this limitation will begin to run instantly from the death of the first person, notwithstanding the second person is under disability.

APPEAL from the Chancery Court of Monroe County.

Hon. L. HAUGHTON, Chancellor.

*Gholson & Buchanan*, for the appellants.

1. The bill is not one to remove clouds alone; but it is to establish the equitable title of the complainants to the land, and therefore the grounds of demurrer, that the complainants do not show title and the like, are inapplicable. 7 Johns. Ch. 114; 12 S. & M. 191.

2. The complainants are not barred. There was no concurrent jurisdiction of this cause in a court of law. It is a trust cognizable peculiarly in a court of equity.

*Reuben Davis*, for W. J. L. Vance.

Ward acquired, by his purchase of the title-bond from Vance's administrator, a mortgage lien, and held the property as trustee for Vance's heirs, and his sale to the Gunns conferred upon them no other relation to the heirs than the one he (Ward) occupied. 4 Porter, 374; 18 Ala. 42; 5 Mon. 405; 8 B. Mon. 217; 1 Hilliard on Mortgages, 660; 2 Story Eq. § 1217, note 4; 7 S. & M. 15; 44 Miss. 50; 3 S. & M. 715; 44 Miss. 533; 7 Cush. 133; 42 Miss. 18; 1 Hilliard on Mortgages, 613, 617, 619, 622, 626, 627, and notes.

*Houston & Reynolds*, for the appellees.

1. A party cannot sustain a bill to remove clouds, unless he has the legal title or a complete equitable title. 32 Miss. 268; 44 Miss. 654. The title-bond is silent as to the possession of

the land.   9 Wall. 293; 51 Miss. 560; 16 Pet. 54; 39 Ga. 94, 194.

2. The appellants are barred by the Statute of Limitations.

(1.) Under Act 1844 (Hutch. Code, p. 829).   Only the disability can be availed of which existed at the time the right of action accrued.   Hutch. Code, 832, § 17; 1 How. (U. S.) 37; 1 Metc. 632; 23 Miss. 133; 8 Ala. 253; 11 Ga. 258; 9 Humph. 546; Angell on Limitations, §§ 480–482; Touchstone, 31.

(2.) Under Code 1857, 402, art. 28, 398, art. 1, 399, art. 1. Preston on Abr. Title, 341; 9 Johns. 174; 3 Johns. Ch. 129; 4 Yerger, 258; 7 B. Mon. 59; 16 How. 247.   From Mrs. Parchman's death to the filing of the bill the statute ran against children to whom her title descended.

(3.) As to Mrs. Ransom, only the disability of infancy, which existed when the right of action accrued, can be pleaded.   Her subsequent disability of coverture cannot avail.   Hutch. Code, 832, § 17; Angell on Limitations, §§ 197, 198; 23 Miss. 123.

(4.) These periods of limitation are as applicable to courts of equity as to courts of law.   George's Digest, 494, § 160.

CHALMERS, J., delivered the opinion of the court.

Mrs. Mary E. Watts, *née* Parchman, and her minor sister, Lucy Parchman, grandchildren of George W. Vance, deceased, and Mrs. Alice E. Ransom, daughter of said decedent, filed this bill to recover certain lands in Monroe County, which had belonged to their ancestor, and which had been improperly aliened by his administrator.   It appears from the allegations of the bill that Vance in his lifetime bought the lands from one Sykes, receiving a title-bond.   He made two payments, but died without having made the third and last.   After his death his administrator, " under the pretended authority of a void order of the Probate Court," as the bill alleges, transferred the title-bond to one Ward, who thereupon paid off the balance due to the vendor Sykes, to whom he (Ward) surrendered the title-bond, and from whom he received a deed executed to himself.   The land passed from Ward by successive conveyances to the appellees, Gunn and wife.

The bill seeks a cancellation of the several conveyances, asks that Sykes's heirs be compelled to make title to the complainants, and for possession and for an account of rents, with decree therefor.  It is something more, therefore, than a bill to remove clouds upon title, and is not subject to the grounds of demurrer interposed upon the assumption that this was its scope.  The bill sets out with great particularity the dates of all the material occurrences, as also of the births and marriages of the complainants, so that the Statute of Limitations, if applicable, could be well interposed by way of demurrer; and this course was accordingly adopted.  The appellants insist that Ward became, by the assignment of the title-bond to him and the possession taken by him thereunder, their trustee, both of the land and of the title, and that therefore the statute could not run in his favor; and that the subsequent vendees under him, all having had notice of his fiduciary character, are equally estopped to set up the statute.  If we concede that Ward and his vendees were trustees for the complainants, it would be at most an implied and not an express trust, and against such trusts the Statute of Limitations may be invoked.  *Murdock* v. *Hughes*, 7 S. & M. 219; *Livermore* v. *Johnson*, 27 Miss. 284; *Prewett* v. *Buckingham*, 28 Miss. 92; *Edwards* v. *Ingraham*, 31 Miss. 272.

But were the complainants in fact barred?  Ward's purchase occurred in 1854.  Mrs. Ransom was then a minor, and she married before attaining her majority, and has remained ever since and is now a *feme covert*.  Her original disability having been that of minority, she cannot tack on to it that of coverture; and the statute, therefore, commenced to run against her upon her attainment of majority, though she was then and has since continued to be a married woman.  She became of age on 20th June, 1861.  From that date to 31st December, 1862, at which time the statute was suspended on account of the war, there elapsed eighteen months and eleven days.  From April 2, 1867, at which time the statute began to run again, until the commencement of this suit on 9th October, 1875, there elapsed eight years, seven months and seven days.  The two periods combined aggregate ten years, one month and eighteen days, — so that Mrs. Ransom is barred.

Mrs. Watts and Miss Parchman are granddaughters of Vance. Their mother was both a minor and a married woman at the date of the purchase by Ward, and she died before the removal of either disability. More than ten years intervened between her death and the bringing of this suit.

By the last proviso to art. 1, p. 398, of Code of 1857, it is enacted " that when any person who shall be under any of the disabilities hereinbefore mentioned at the time at which his right shall have first accrued as aforesaid shall depart this life without having ceased to be under any such disability, no time to make an entry or to bring an action to recover such land beyond the said period of ten years next after the time at which such person shall have died shall be allowed by reason of the disability of any other person." The same provision is found in the Code of 1871, § 2147.

The manifest meaning of these statutes is, that where the right of action has descended from one dying under disability to another resting under disability, ten years, and no more, shall be given from the death of the first person within which the second must bring the action, and that this limitation will begin to run instantly from the death of the first person, notwithstanding the second person is under disability.

It follows, therefore, that Mrs. Parchman, having died under disability, and more than ten years having intervened between her death and the bringing of this suit, the same is barred, notwithstanding the minority of her children.

It is to be observed that the allegations of this bill do not show a sale of the land under an erroneous decree of the Probate Court and a payment of the purchase-money, and therefore do not involve a consideration of the one-year Statute of Limitations provided in § 2173 of Code of 1871.

*The decree sustaining the demurrer and dismissing the bill is affirmed.*