## H. W. FOOTE v. BOARD OF SUPERVISORS OF NOXUBEE COUNTY.

ASSIGNMENT. *Debt due by county. Mandamus to compel issuance of warrant.*

Although the holder of a written order on the board of supervisors for the issuance of a warrant for part of a debt due by the county for building a bridge, is to that extent the equitable assignee of the debt, he cannot by mandamus compel the board to make an allowance and issue a warrant in his favor for the amount named in the order.

FROM the circuit court of Noxubee county.

HON. S. H. TERRAL, Judge.

One J. C. Gilmore, having contracted with the board of supervisors of Noxubee county for the building of two bridges, obtained from appellant Foote the money needed in the prosecution of the work, and to secure appellant gave him written orders on the board of supervisors for the issuance to him of warrants for the amounts specified out of the sums to be allowed for the building of the bridges.

These orders were presented by appellant to the clerk of the board of supervisors, who made a memorandum of them in a book kept for that purpose. The bridges were completed according to contract by Gilmore, and were accepted by the board of super-

visors, but before the acceptance and issuance of any warrants therefor Gilmore died.

Appellant presented the aforesaid orders to the board of supervisors, and demanded the allowance and issuance to him of warrants for the sums specified in the orders, but the board refused the demand, alleging as a reason that the administrator *ad colligendum* of Gilmore had made demand for the allowance of the entire sums due under the contracts, and that certain persons employed on the work by Gilmore had served notice that they claimed liens upon the fund for labor performed and material furnished. In view of these several demands, and the doubt entertained as to who was entitled to the warrants, the board refused to issue them to any one of the claimants.

Appellant thereupon filed this petition in the circuit court, seeking by mandamus to compel the board of supervisors to issue warrants in his favor for the amounts specified in the orders.

Issue was joined, and the cause submitted to the court upon an agreed state of facts for trial without a jury. It was further agreed that the only issues to be tried were, (1) whether the petitioner had such title from Gilmore as gave him the right to demand the issuance to him of the warrants in payment of the orders, and (2) whether the petitioner had an adequate remedy by ordinary suit at law.

The court denied the petition for mandamus and dismissed the cause, and the petitioner appeals.

*Foote & Foote,* for appellant.

The contractor parted with his right to the warrants by giving plaintiff the orders for them. It is clear the petitioner had a right to demand the warrants, and as the board refused to issue them, his only remedy was by mandamus.

Appellant did not have a remedy at law. He did not have a transfer of Gilmore's contract, nor had he any right to make a moneyed demand against the county, for he had rendered it no service. All he had any claim to was the warrants, for which he had paid Gilmore.

The granting of a writ of mandamus is like the granting of an

injunction; it rests in the sound discretion of the judge in view of all the facts. 22 N. Y. 114; 48 Ala. 160; 4 Ark. 302.

The plaintiff furnished the money to build the bridges; they have been built and are being used by the county. The contractor has assigned his right to the plaintiff, and it seems that the discretion of the court ought to be exercised in his favor, especially as the county is willing to pay but only wants the authority of the court.

It is no answer that the petitioner has another remedy unless it is more suitable and effectual. Addison on Torts, 729; 12 How. (N. Y.) 114; 7 Porter (Ala.), 47.

*J. E. Madison,* for appellee.

1. After the refusal by the board to issue the warrant there was only one course left open, viz., a suit at law. Code 1880, § 2175; 41 Miss. 236; 52 Ib. 422; 55 Ib. 184.

As plaintiff had the right to sue, his remedy was adequate at law and mandamus did not lie. 4 Wait's Actions and Defences, 376; 52 Miss. 523.

2. Plaintiff is not the proper party to maintain this suit. J. C. Gilmore alive, or his representative, he being dead, is the only party who could bring the action. Gilmore is the "claimant," and the statute requires the warrant to issue in favor of the claimant. Code 1880, § 2159. The orders contemplated that the warrant should be allowed to Gilmore and then be issued; that is, torn off and delivered to plaintiff. The board audits and allows claims; the clerk *issues* warrants.

The administrator of the estate of Gilmore is entitled to the amounts due the intestate, and the plaintiff must apply for his portion to the court administering the estate.

CAMPBELL, J., delivered the opinion of the court.

The appellant is the equitable assignee of a portion of what is due from the appellee to Gilmore, but does not sustain such relation to the appellee as to entitle him to demand an allowance of his claim and the issuance of a warrant in his favor. Wherefore the mandamus was properly refused.

*Affirmed.*