Hook v. Bank of Leland, *et al.*

[98 So. 594. No. 23734.]

(Division A. Jan. 7, 1924.)

1. LIMITATION OF ACTIONS. *Limitation in case of "trust" applicable to express and implied trusts.*

Code 1906, section 3125 (Hemingway's Code, section 2489), specifying period of limitation for bills for relief in case of the existence of a trust not cognizable by the courts of common law is applicable to both express and implied trusts.

2. LIMITATION OF ACTIONS. *Limitation in case involving trust applicable to action by ward's heir to cancel certificate of ward's stock to third party.*

Where corporate stock owned by ward was represented by certificate in the name of the guardian as such, and the guardian continued, after his discharge and ward's death, to hold the certificate and thereafter caused certificate to be canceled and a new certificate issued to third party, an action by ward's heir for cancellation of such certificate and for reissuance of certificate to heir could be brought within ten years after the cause of action accrued under Code 1906, section 3125 (Hemingway's Code, section 2489), specifying the period of limitation for "bills for relief in case of the existence of a trust not cognizable by the courts of common law," and was not required to be brought within six years under Code 1906, section 3124 (Hemingway's Code, section 2488), applicable to suits in equity "whenever there be a concurrent jurisdiction in the courts of common law and in

the courts of equity," since the relationship existing between the ward and the corporation constituted a trust not cognizable by courts of common law, and since neither an action in trover for wrongful conversion or a proceeding in mandamus was available to the heir, the ward having had merely an equitable interest in the stock.

3. MANDAMUS. *Will not lie to compel corporation to issue certificate to equitable owner.*

Where corporate stock owned by ward was represented by certificate in name of guardian as such, and the corporation, after the discharge of the guardian and death of the ward, canceled the certificate and issued new certificate to third party at instance of guardian, the ward's heir could not by mandamus require the corporation to cancel the certificate and issue a new certificate to her, since mandamus will not lie to enforce equitable rights.

4. TROVER AND CONVERSION. *Equitable title insufficient.*

Where corporate stock owned by ward was represented by certificate in name of guardian as such, and the corporation, after the discharge of the guardian and death of the ward, canceled the certificate and issued new certificate to third party at instance of guardian, the ward's heir could not sue the corporation in trover for the wrongful conversion of the stock and recover its value with accumulations, since an equitable title alone is not sufficient foundation of the remedy of trover.

5. LIMITITION OF ACTIONS. *Cause of action by heir to cancel certificate of decedent's stock issued to third person accrued on cancellation of decedent's certificate.*

Where corporate stock owned by ward was represented by certificate in name of guardian as such, and the guardian continued to hold the certificate after ward reached her majority and he was discharged as guardian, and following ward's death caused certificate to be canceled and another certificate issued in name of third party, the cause of action in favor of ward's heir for cancellation of other certificate and issuance of new certificate to heir did not accrue and the period of limitation did not commence to run until the breach of trust on the part of the guardian and corporation consisting in the cancellation of old issue and reissuance of certificate to third party, since it will be presumed, in the absence of a showing to the contrary, that the guardian held the stock prior to cancellation of certificate in his name as guardian in subordination to the rights of the ward.

6. GUARDIAN AND WARD. *Limitation of ward's action against guardian and sureties not applicable to action by ward's heir.*

Where corporate stock owned by a ward was represented by certificate in name of guardian as such, and the guardian continued to hold the certificate after the ward's death and after his discharge as guardian, and thereafter caused the certificate to be canceled and a new certificate to be issued to third party, the action by ward's heir against the bank and third party for cancellation of certificate and issuance of new certificate to heir was not required to be brought within five years after ward reached her majority, under Code 1906, section 3098 (Hemingway's Code, section 2462), specifying the period of limitation for actions against guardians and sureties on their bonds by wards, such action not being one by a ward against guardian and sureties.

Appeal from chancery court of Washington county.
Hon. E. N. Thomas, Chancellor.

Bill by J. H. Hook against the Bank of Leland and another. Decree of dismissal, and plaintiff appeals. Reversed and remanded.

*R. B. Campbell,* for appellant.

The only question for determination is: Whether or not, under the peculiar facts of this case, the appellant was barred by the statute of limitations, appellees contending, and the court below having decreed, that the six-year statute applied, while the appellant contended, and still contends, that the ten-year statute of limitations applied.

If appellant could have sued at law, I admit that he should have sued within six years after his cause of action accrued, and that, not suing within that time, he would have been barred by the six-year statute of limitations; but there never was a time when either appellant's wife, or the appellant, could have maintained a suit in a court of law, as contradistinguished from a court of equity; and, because of that, section 3124 of the Code of 1906, relied on by the appellees, which provides that

a cause of action, when barred in a court of common law is also barred in a court of equity, where there is "a concurrent jurisdiction" in those courts of the cause of action, does not apply under the facts of this case.

On the contrary, I respectfully submit that section 3125 of the Code of 1906, which provides that, "in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for" suit may be brought within ten years after the cause shall accrue, applies to the case at bar.

A corporation, whose stock is transferable only on its books, is made the custodian of the shares and the relationship of trustee and *cestui que trust* exists between it and its shareholders, and, as trustee, the duty rests upon it to protect the shareholders against a wrongful transfer of the stock; and, because of that relationship, as I understand the law, a stockholder whose stock has been wrongfully transferred to another on the books of the corporation may maintain a suit in equity against the corporation to have his stock restored to him. *Mobile & Ohio R. R. Co.* v. *Humphries,* 7 So. 522; Ann. Cas. 1913E, Note 1175; *Western Union Tel. Co.* v. *Davenport,* 97 U. S. 369; *State* v. *Jumbo Ext. M. Co.,* 133 Am. St. R., Note 729; Perry on Trusts, sections 242; 3 Pomeroy's Equity Jurisprudence, secs. 1411-1412.

The authorities also establish the rule that a stockholder, for a wrongful transfer of his stock on the books of the corporation may maintain a suit in a court of law, treating the wrongful transfer as a conversion of the stock, and recover the value thereof; but that can only apply to a stockholder having the legal title to the stock. Where his ownership of the stock is purely equitable he can only maintain a suit in a court of equity, for a wrongful transfer of his stock; and therein lies the distinction between a legal holder of stock, and an equitable holder of stock.

So,.as applied to the case at bar, there was no "concurrent jurisdiction" in the courts of law and equity.

*Percy & Percy,* for appellees.

If for any reason it should be held that the cause of action grew out of the transfer made by M. B. Smith of the stock to Mrs. Helm in 1914, and that this act created an original cause of action, independent of the wrongful withholding of the stock by M. B. Smith, we submit that such action is barred.

Counsel contends that section 3125 of the Code of 1906, which provides that, "in case of the existence of a trust not cognizable by the courts of common law, and in all other cases not herein provided for," suit may be brought within ten years after the cause shall accrue, governs appellant's right. His position is: (1) that Sallie Hook had only an equitable title and therefore could only pass an equitable title to appellant, and (2), even if she had a legal title, there never having been an administration taken out, only the equitable title passed to appellant.

Whatever may be the rule elsewhere, it is certainly the rule in Mississippi that the relationship of a stockholder to a bank—the trust relationship of the bank to the stockholder—is cognizable in a court of law. *Scherk* v. *Montgomery,* 81 Miss. 436; *Citizens Nat. Bank* v. *Indiana, etc.,* 45 L. R. A. (N. S.) 1075; *State* v. *New Orleans Cotton Exchange,* 38 So. 204; *Sheppard* v. *Rockingham Power Company,* 64 S. E. 894. See, also, *Russell* v. *Robins,* 33 Miss. 153; *Hill* v. *Boyland,* 40 Miss. 618; *Elias* v. *Rubel,* 111 Miss. 694.

Anderson, J., delivered the opinion of the court.

Appellant, J. H. Hook, filed his bill in the chancery court of Washington county against appellees, Bank of Leland and Mrs. Maggie S. Helm, to have surrendered and canceled a certificate of stock in said bank standing in her name, the beneficial interest in which belonged to ap-

pellant by inheritance from his deceased wife, Mrs. Sallie Hook, and to have said bank to reissue to appellant a certificate in his name for said stock and in default of such surrender, cancellation, and reissuance to recover of appellee bank the value of the shares of stock represented by said certificate with accumulations thereon including dividends. The cause was tried on an agreed state of facts and a decree rendered dismissing appellant's bill, from which he prosecutes this appeal.

The sole question in the case is whether the six-year statute or the ten-year statute of limitations applies. If the former, it is barred; if the latter, it is not. Appellees contend that there was concurrent jurisdiction of this cause in the courts of common law and in the courts of equity, and therefore under section 3124, Code of 1906 (Hemingway's Code, section 2488), applying in such cases the statute of limitations governing in the courts of law to the courts of equity—the six years' statute—appellant is barred. On the other hand, appellant argues that his cause of action and remedy are purely and exclusively equitable, and therefore the ten-year statute of limitations, section 3125, Code of 1906 (section 2489, Hemingway's Code), governing equity causes is applicable.

The controlling facts necessary to be understood are as follows: M. B. Smith was vice president, cashier, and had the active management of appellee Bank of Leland. At the same time he was guardian of the estate of his daughter, a minor, the wife of appellant J. H. Hook. Appellant claims the stock in question by inheritance from his said wife, she having died intestate leaving him surviving as her sole heir. The beneficial interest in said stock belonged to the estate of his said daughter, who had died when the bill in this case was filed, but the certificate stood in the name of her said father as guardian and so appeared on the books of appellee bank. In 1909 the said M. B. Smith had a final settlement as such guardian

for appellant's said wife, and was discharged as such by the chancery court. He continued after her death, however, to hold the title to said stock in his name as her guardian until March 18, 1914, when without any authority of law, while so in charge of the affairs of appellee bank, he caused said stock to be transferred on the books of said bank to appellee, his other daughter, Mrs. Maggie S. Helm, and had a certificate of stock in said bank issued to her for sixteen shares, which included the eight shares which had theretofore stood in his name as guardian for the said Mrs. Helm. The bill in this case was filed within ten years after such cancellation and transfer of said stock on the books of appellee bank, but more than six years thereafter.

The gravamen of appellant's bill is that a corporation whose stock is transferable only on its books is the custodian of the shares therein of its shareholders and that the relation of trustee and *cestui que trust* exists between it and its shareholders, and as such trustee it is the duty of the corporation to protect its shareholders against a wrongful transfer of their stock, and a shareholder whose stock has been wrongfully transferred to another on the books of the corporation with the knowledge and consent of such corporation may maintain a suit in equity against such corporation to have his stock restored to him, and in default thereof to recover its value with accumulations.

The principles upon which appellant's cause is based are well established. *M. & O. R. R. Co.* v. *Humphries* (Miss.), 7 So. 522, not officially reported; Ann. Cas. 1913E, note 1175; *Western Union Tel. Co.* v. *Davenport,* 97 U. S. 369, 24 L. Ed. 1047; Perry on Trustees, section 242; Pomeroy's Equity Jurisprudence, vol. 3, sections 1411, 1412.

If the relationship which existed between appellant and appellee Bank of Leland constituted a trust ''not

cognizable by the courts of common law," then by its express provision section 3125, Code of 1906 (section 2849, Hemingway's Code), is the statute of limitations applicable. That statute provides, among other things:

"Bills for relief, in case of the existence of a trust not cognizable by the courts of common law and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue and not after."

This statute applies to either express or implied trusts. *Stanton* v. *Helm,* 87 Miss. 287, 39 So. 457; *Mitchell* v. *Bank,* 98 Miss. 658, 54 So. 87.

Under the authorities first above cited the relationship existing between appellant's wife and appellee, said Bank of Leland constituted a "trust not cognizable by the courts of common law." The legal title to the stock was in Mrs. Hook's father, her guardian, M. B. Smith, the vice president, cashier, and manager of appellee bank. Mrs. Hook had only the beneficial or equitable interest in the stock. Appellee Bank of Leland was the trustee under the principles laid down in said authorities, for its shareholders to prevent a wrongful transfer and cancellation of their shares of stock.

It is argued by appellees that Mrs. Hook, and after her death her husband, appellant, had a remedy at law by mandamus to force appellee Bank of Leland to cancel said certificate of stock standing in the name of M. B. Smith, as guardian for Mrs. Hook, and reissue the same in the name of the beneficial owner, or sue appellee bank in trover for the wrongful conversion of said stock and recover its value with accumulations. And having a remedy at law the six-year statute of limitations applies. In considering this question it should be borne in mind that Mrs. Hook had nothing whatever except an equitable interest in said stock. She never owned it in the sense of owning the legal title thereto; that was in her father.

In other words, she had only an equitable estate in said shares of stock. It is settled by the authorities as it appears without dissent that mandamus will not lie to enforce equitable rights. 26 Cyc. 155 and 349; *Foote* v. *Noxubee County,* 67 Miss. 156, 6 So. 612.

And the same is true of the remedy of trover for wrongful conversion. An equitable title alone is not sufficient foundation of the remedy of trover. 38 Cyc. 2049.

It is argued by appellees that appellant's cause of action accrued in 1909 when his wife reached her majority, and when her father, M. B. Smith, as her guardian, made his final settlement and was discharged as such by the chancery court, and that the applicable statute of limitations is section 3098, Code of 1906 (Hemingway's Code, section 2462), providing that all actions against guardians and the sureties on their bonds by wards shall be commenced within five years next after their majority. The certificate of stock in question stood in the name of M. B. Smith as guardian until March 18, 1914, when it was canceled and other stock reissued in its place to his daughter, the appellee Mrs. Helm. The bill was filed within ten years of that date.

There, of course, existed between the wife of appellant and her guardian, her father, M. B. Smith, a relation of trust. As such guardian he was trustee and she was *cestui que trust.* Notwithstanding the final settlement of said guardianship in 1909 the statute of limitations did not begin to run against Mrs. Hook in favor of her father until their interest became adverse. The relationship between them was an express subsisting acknowledged trust. As to such a trust the statute of limitations does not begin to run as long as the trust is acknowledged. In order to set the statute in motion there must be some express declaration or act by the trustee adverse to the rights of the *cestui que trust. Cooper* v. *Cooper,* 61 Miss. 676; *Stanton* v. *Helm,* 87 Miss. 287, 39

134 Miss.—13

So. 457. Until the contrary is shown, the presumption is that the fact that Mrs. Hook's guardian, her father, held this stock in his name until it was canceled and other stock issued to appellee Mrs. Helm was the result of her permission. In other words, in subordination to the rights of Mrs. Hook. We hold, therefore, that no cause of action arose until there was a breach of trust on the part of said guardian and appellee bank which took place on March 18, 1914, consisting in the cancellation and reissuance of said stock to the other daughter, appellee Mrs. Helm.

The five-year statute, section 3098, Code of 1906 (Hemingway's Code, section 2462), has no application to this cause. This is not an action by a ward against a guardian and the sureties on his bond. The guardian had made his final settlement and had been discharged some years before the wrongful transfer of the stock in question. The guardian simply continued in subordination to the rights of the ward to hold the title to this stock until he breached his trust by said wrongful transfer. No statute of limitations was set in motion until then.

We hold therefore that the ten-year statute of limitations, section 3125, Code of 1906 (Hemingway's Code, section 2489), governs.

*Reversed and remanded.*