RIMMER *v.* AUSTIN *et al.*

(In Banc.    Oct. 13, 1941.)

[4 So. (2d) 224.    No. 34671.]

**Johnson & White** and **Pat M. Barrett,** all of Lexington, for appellant.

**G. J. Thornton**, of Kosciusko, for appellees.

**Griffith, J.,** delivered the opinion of the court.

P. G. Rimmer died intestate in 1923. Surviving were his wife, one son, and two daughters; also a brother, J. W. Rimmer, now deceased. There was no administration on the estate of P. G. Rimmer. He was the holder of a recorded mortgage by Campbell and wife in a principal sum in excess of three thousand dollars. Appellees aver that, without their knowledge or consent, this mortgage was taken over for collection by the brother, and, according to the proof, he received several payments thereon, which he distributed to the widow and son of P. G. Rimmer, but the daughters, the appellees here, were not included.

The last payment received by the brother was on April 27, 1928. On or about March 23, 1929, the mortgagor tendered to the brother the balance due on the mortgage, about four hundred dollars, but the brother declined to receive it, and referred the mortgagor to the widow of P. G. Rimmer, who accepted the final payment and cancelled the mortgage. On November 9, 1938, appellees filed this suit to recover of the executor of the brother's estate the share or portions of the collections made by the brother on the mortgage which should have been dis-

tributed to appellees, but which in fact went to the other two distributees.

The brother's executor interposed several defenses, one of which was the ten-year statute of limitations appli-. cable to trusts, Section 2316, Code 1930, there being an elapse of more than ten years between the receipt of the collections, and even of the last collection, by the brother and the institution of the suit. This and the other defenses were disallowed by the court.

Appellees seem to argue that although there was an elapse of more than ten years after the last collection by the brother, there was less than ten years from the date when the brother declined to receive the final payment, that this declination was the first time that the brother had repudiated the trust which theretofore had been assumed by him, and that, therefore, the statute would run from the date of the declination or repudiation rather than from the date of the collections made by the brother.

In this, we think appellees are mistaken. We have here not an express trust, nor even a resulting trust. At most, it was an implied or a constructive trust, and the rule is that no repudiation of an implied or constructive trust is necessary to set the statute of limitations in operation. In such cases, in the absence of fraud and concealment, the statute runs from the time when the act was done by which the party became chargeable as trustee by implication, which is to say, from the time when the cestui que trust could have enforced his right by suit. 34 Am. Jur., p. 143. Trusts of the latter class are not created by agreement, nor are they the results of agreement, express or implied; they are products of conduct, in which it is not necessary that the cestui que trust may have had then or theretofore any part or knowledge whatever, but in respect to which the law imputes to the actor then and there an intention, and in consequence the obligation to do equity when called on so to do, and this whether he had any such intention at the time or not. Hence the rule that as to implied and constructive trusts,

the statute begins to run from the time the act or acts were committed by which the actor becomes chargeable. See Cooper v. Cooper, 61 Miss. 676, 679, 696.

There is no proof here of any fraud or concealment. Moreover, the mortgage was recorded on the day of its execution, which was sufficient to put appellees on·notice of its existence, Fleming v. Grafton, 54 Miss. 79, and everything that was thereafter done about it was at all times easily ascertainable by appellees upon the exercise of any reasonable diligence; wherefore, the statute, Section 2312, Code 1930, in respect to limitations of actions in cases of concealed fraud is not available. First Nat. Bank v. Johnson, 177 Miss. 634, 643, 171 So. 11.

Reversed, and bill dismissed.