SMITH, Justice:
This is an appeal from a decree of the Chancery Court of Harrison County in *798 which the chancellor held that the cause of action stated by appellants in their pleadings was barred by the statute of limitations provided by Mississippi Code 1942 Annotated section 746 (1956).
The only issue presented by the appeal is whether the chancellor erred in holding that the statute of limitations had begun to run upon the date in 1942 on which an' alleged trust arose, upon the basis of which appellants claimed an interest in the land which is the subject matter of the litigation.
Appellants’ position is that the land in question had been acquired in her own name by the appellees’ ancestor, (through whom they claim) in 1942 in exchange for another tract which had been conveyed to her previously by appellants and their predecessors in title. There is no allegation or suggestion of fraud or concealment, and the deeds evidencing the transactions promptly were placed upon the public records. No writing of any kind supports the existence of an alleged trust nor is there a word in either of the conveyances to suggest that a trust was, or was intended to be, created.
The theory of appellants is that, in conveying the original tract, the grantors intended to place title in the grantee only as trustee, and that, when the land was conveyed to the City of Gulfport in 1942 in exchange for another and different tract, the trust property was used as consideration for the purchase of the latter, giving rise to a trust in the latter tract by implication of law.
Appellees’ ancestor, (the alleged trustee) continued in the exclusive and uninterrupted possession of the land under the recorded conveyance to her from the City of Gulfport from the date of its execution in 1942 until her death in 1959. After her death, her heirs continued in possession. It was not until a suit for partition was filed in December, 1967 that appellants intervened and, in subsequent pleadings, asserted the existence of the alleged 1942 trust as the basis of a claim to an interest in the land acquired from the City of Gulf-port.
The chancellor held that their suit was barred by the statute of limitations as embodied in Mississippi Code 1942 Annotated section 746 (1956), the statute having begun to run upon the date in 1942 on which a right first accrued to have such trust judicially established.
In so doing the chancellor acted in accordance with the principles set forth in Sullivan v. Nobles, 211 Miss. 330, 51 So.2d 736 (1951) and Rimmer v. Austin, 191 Miss. 664, 4 So.2d 224 (1942).
Affirmed.
GILLESPIE, P. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.