¶ 29. In this case, Rankin alleges that Clements failed to plead in its answer the affirmative defense of release. InWholey v. Cal-Maine Foods, Inc., 530 So.2d 136 (Miss. 1988), the Mississippi Supreme Court held that the affirmative defense of res judicata must be affirmatively pleaded "and may not beraised on motion to dismiss unless allegations of a priorpleading in the case demonstrates [sic] its existence." Id. at 139 (emphasis added). Further, the court held that "[a]ffirmative defenses neither pleaded nor tried by consent are deemed waived."Id. at 138. Yet, in direct contravention of the clear precedent of Wholey, the trial court granted Clements's motion to dismiss.
 ¶ 30. The majority upholds the trial court. In doing so, it attempts to get *Page 717 
around the clutches of Wholey by characterizing as dicta theWholey court's very clear and unequivocal holding that "res judicata is an affirmative defense which may not be raised on a motion to dismiss unless allegations of a prior pleading in the case demonstrates [sic] its existence."
 ¶ 31. In characterizing as dicta the foregoing statement, the majority offers this interesting explanation: "That was dicta because there was no motion to dismiss in the case that raised the defense, and the considerations that arise with a motion to dismiss, including notice to the parties and ability to respond, are much different than those actually involved in Wholey." With respect for the majority, I must say its explanation has never been the basis for distinguishing dicta from the controlling legal principles announced by the court in the case and which later courts are bound to follow under the doctrine of stare decisis. Moreover, as far as I can tell, the majority's explanation as to why the statement is dicta enjoys no underpinning in the jurisprudence of this state, or any other. Therefore, I am compelled to dissent.
 ¶ 32. What is dicta? Dicta is the "[o]pinions of a judge which do not embody the resolution or determination of the specific case before the court. Expressions in [a] court's opinion which go beyond the facts before [the] court and therefore are [the] individual views of [the] author of [the] opinion and [are] not binding in subsequent cases as legal precedent." BLACK'S LAW DICTIONARY 454 (6th ed. 1990.)
 ¶ 33. In Wholey, the specific issues before the appellate court were:
 (1) Did the trial court err by granting summary judgment for Cal-Maine on the basis of res judicata?
 (2) Did the trial court err in granting summary judgment for Cal-Maine by Applying section 15-1-49 of the Mississippi Code of 1972?
 (3) Did the lower court err when it determined that the appropriate statute of limitations began to run by September 28, 1979?
Wholey, 530 So.2d at 138-40.
 ¶ 34. The running of the statute of limitations was the sole basis for the defendant's motion for summary judgment. Id. at 138. The chancery court granted summary judgment not only on that basis, but also on the basis of res judicata. Id.
 ¶ 35. In arriving at its decision, the Mississippi Supreme Court also said:
 Neither record reveals the manner in which the prior dismissal of both appellant's cases was brought to Chancellor Robinson's attention. However, whether the chancellor took judicial notice of the prior dismissals, or whether they were brought to his attention during argument concerning Cal-Maine's summary judgment motions is irrelevant. Since res judicata was not affirmatively plead [sic] by Cal-Maine it was error for the lower court to grant summary judgment on this basis.
Id. at 139.
 ¶ 36. Why is the statement in Wholey, regarding the necessity for pleading the affirmative defense of res judicata, not dicta? For two reasons, the answer is readily apparent. The statement embodies the resolution or determination of one of the specific issues of the case before the court, and the statement is not an expression in the court's opinion which goes beyond the facts before the court. Among the relevant facts before the appellate court in Wholey was the fact that summary judgment had been granted on the basis of res judicata. Had the Wholey court opined as to why res judicata would not have been a proper basis for relief when in fact the *Page 718 
trial court had not granted relief on that basis, then, in that case, any statements regarding res judicata would have clearly been dicta. Inasmuch as one of the very issues in the Wholey
appeal was whether the trial court erred in granting summary judgment on the basis of res judicata, it escapes logic that the majority concludes that Wholey's clear pronouncement — regarding the necessity of prior pleading of affirmative defenses — "is unimportant to the decision and . . . constitute unpersuasive dicta."
 ¶ 37. As stated, Clements did not plead "release" as an affirmative defense in its answer which was filed on April 23, 2001. Almost a year later, on February 15, 2002, Clements, in a motion seeking to enforce what it said was a prior settlement, raised the affirmative defense of release and asked that Rankin's complaint be dismissed with prejudice.
 ¶ 38. The majority, citing no authority, reasons that, because Clements could have obtained leave to amend its answer to assert the affirmative defense of release, the case should be resolved as if he had in fact done so. Specifically, the majority says, "The holding we make, which we find consistent with what had to be resolved in Wholey, is that a defendant's pretrial motion that seeks a ruling on an affirmative defense which has not been included in the pleadings, should be evaluated under the same rule as would apply if that defense was raised at trial." Again, with respect, I beg to differ. Nothing in Wholey lends itself to this construction. What had to be resolved in Wholey was whether the trial court erred in granting summary judgment on a basis that had no existence in any of the allegations of prior pleadings. Here, the trial court granted Clements's motion to dismiss on a basis which had no existence in any of the allegations of Clements's prior pleadings.
 ¶ 39. How is our case different from Wholey? It is not. However, it appears to me that the majority seems to attach some significance to the fact that in Wholey the affirmative defense of res judicata was raised by the trial court sua sponte while in our case the affirmative defense was raised by Clements. In my judgment, this fact is immaterial. This point is made evident by applying the majority's rationale in the instant case to the facts in Wholey.
 ¶ 40. The rationale, upon which the majority premises much of today's result, is that Clements could have sought to amend its answer, and permission most surely would have been granted. It appears to me that if the Wholey court had considered the identity of the party raising the affirmative defense — rather than the absence of the existence of the defense in prior pleadings — to be the determinative factor undergirding its decision, it likely, by applying the majority's rationale, would have reached the opposite result. In other words, it likely would have held that since Cal-Maine Foods could have raised the affirmative defense by way of an amendment to its answer, interposition of the affirmative defense by the trial court was of no significance. However, that is not what the Wholey court held. Therefore, it is clear to me that what was significant inWholey was not the identity of the entity ultimately raising the affirmative defense, but the absence of the existence of the defense in any prior pleading.
 ¶ 41. For the reasons expressed, I respectfully dissent. I would remand this case for a full trial on Rankin's complaint.
 BRIDGES, P.J., JOINS THIS SEPARATE WRITTEN OPINION. *Page 719