CARLTON, J., for the Court.
¶ 1. The income beneficiaries of two testamentary trusts filed a suit in Hinds County Circuit Court against the trustee bank for the alleged breach of the fiduciary duty of care by negligently acting with regard to the trust property. Upon motion of the Bank, the case was transferred to the Chancery Court of Lowndes County where the beneficiaries’ claims were in large part disposed of by two partial summary judgments, finding most of the claims barred by the statute of limitations. The remaining claims were voluntarily dismissed with prejudice in an agreed final judgment of dismissal. The beneficiaries appeal and argue that they were denied the right to a jury trial and that the chancellor applied the wrong statute of limitations. We find no error and affirm.
FACTS
¶ 2. Everette Louis Winters (“Mr. Winters”), a resident of Lowndes County, Mississippi, died on December 12, 1964, survived by his wife, Roberta Louise Ivy Winters (“Mrs. Winters”), and their six children. On December 17, 1964, Mr. Winters’ will was admitted to probate and his estate was administered in Lowndes County Chancery Court. The will left his assets in two trusts and named Deposit Guaranty National Bank (“the Bank” or “AmSouth”) executor of the estate and trustee of the trusts.[1] The Bank duly administered the will and assumed its responsibilities as trustee of the two trusts created by the will, i.e., the Winterses’ residuary trust and the Winterses’ timberland trust.[2] Among the assets of the es *597 tate was stock in Mr. Winters’ business, Columbus Handle Company, Inc., the sale of which was made to Mrs. Winters with chancery court approval in March 1965. On January 17, 1969, the estate was closed and the Bank was discharged as executor by decree of the Chancery Court of Lowndes County. The same decree authorized and directed the Bank to continue the administration of the two trusts and approved the first annual accounts for both trusts. Since 1968, Mrs. Winters and other beneficiaries of the will and trusts have brought a succession of suits against the Bank, the last of which is the subject of this appeal.
¶3. The instant case was initiated on October 25,1993, when Mrs. Winters, John Everette Winters, Ivy June Winters Peterson, Linda Louise Winters Lavender, Susan Patricia Winters Cowgill, and William Douglas Winters (collectively “the Win-terses”) filed suit in the Circuit Court for the First Judicial District of Hinds County.[3] The complaint made numerous allegations concerning the Bank’s administration of the estate and the two trusts, sought monetary damages in the amount of $180,000,000, and demanded a jury trial. On the Bank’s motion, the case was transferred to Lowndes County Chancery Court by order dated July 18,1994.
¶ 4. The Bank moved for summary judgment on September 18, 1998, on the grounds that the claims of the Winterses were barred by the applicable statute of limitations and by principles of res judica-ta. On November 1, 1999, the court entered a partial summary judgment finding that the claims were governed by the general statute of limitations found in Mississippi Code Annotated section 15-1-49. This order disposed of (1) all claims related to the Bank’s administration of the estate, (2) all claims related to Columbus Handle Company, Inc., (3) all claims related to Robert Louis Winters, the deceased child of Mr. and Mrs. Winters, (4) all claims related to the Winterses’ residuary trust, and (5) all claims of Mrs. Winters and John E. Winters arising from the Win-terses’ timberland trust prior to October 25, 1987, and during the period from July 1,1989 to October 25,1990.[4]
¶ 5. On November 10, 1999, the Chancery Court of Lowndes County entered an order denying the Winterses’ motion to retransfer the case back to the Hinds County Circuit Court and alternatively to grant a jury trial. In his order denying the Winterses’ motion to retransfer the case to the Hinds County Circuit Court, the chancellor determined that the case could not be retransferred. Craig v. Woods, 190 Miss. 258, 266-68, 199 So. 772, 774-75 (1941). The court also stated that “the plaintiffs have cited no case holding that the right to a jury trial was necessary at common law in a suit against a fiduciary for misfeasance and the court has found none.”
¶ 6. The second partial summary judgment was entered on March 16, 2000, after the Bank renewed its previous motion, this time supported by the depositions of Linda Louise Winters Lavender, Susan Patricia *598 Winters Cowgill, and William Douglas Winters, and a stipulation of Ivy June Winters Peterson. This order dismissed the claims of the above-named plaintiffs involving the timberland trust existing pri- or to October 25, 1987, and during the period from July 1, 1989 to October 25, 1990.
¶ 7. After no activity for six years, the Winterses entered an agreed final judgment of dismissal on March 15, 2006, wherein all remaining claims that have not already been barred or not allowed by previous court orders were dismissed with prejudice.
DISCUSSION

1. Right to Jury Trial

¶ 8. The Winterses argue that, by virtue of the transfer of their case to chancery court and the subsequent denial of their motion to retransfer the case back to circuit court, they have been denied their right to a jury trial. They argue that the issues they have raised against AmSouth are in the nature of tort claims and are thus properly before the circuit court.
¶ 9. The determination of whether a trial court has subject matter jurisdiction over a claim is reviewed de novo, as it is a question of law. RE/Max Real Estate Partners., Inc. v. Lindsley, 840 So.2d 709, 711(10) (Miss.2003) (citing Burch v. Land Partners, L.P., 784 So.2d 925, 927(7) (Miss.2001)).
¶ 10. The Winterses correctly acknowledge that this Court may not reverse on appeal solely for lack of jurisdiction. Miss. Const, art. 6, § 147; McLean v. Green, 352 So.2d 1312, 1314 (Miss.1977); see also Miss.Code Ann. § 11-3-9 (“a judgment or decree in any chancery or circuit court rendered in a civil case, shall not be reversed or annulled on account of want of jurisdiction to render the judgment or decree.”). Section 147 of our Constitution provides as follows:
No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction; but if the supreme court shall find error in the proceedings other than as to jurisdiction, and it shall be necessary to remand the case, the supreme court may remand it to that court which, in its opinion, can best determine the controversy.
Miss. Const, art. 6 § 147.
¶ 11. Pursuant to section 147, “[tjhis Court is constrained on appeal to affirm if the only error is that of jurisdiction.” Trustmark Nat’l Bank v. Johnson, 865 So.2d 1148, 1152-53(16) (Miss.2004). Therefore, we will address the Winterses’ other assertions of error to determine if there is error other than as to jurisdiction.

2. Statute of Limitations

¶ 12. The Winterses argue that the lower court erred in applying Mississippi Code Annotated section 15-1-49, the general statute of limitations, rather than Mississippi Code Annotated section 15 — 1— 39, to his claim for damages for misfeasance by a fiduciary of a trust. AmSouth argues that section 15-1-49 applies because the Winterses do not seek to impose a constructive trust and, therefore, then-action is not equitable in nature.
¶ 13. Section 15-1-39 provides that “[b]ills for relief, in case of the existence of a trust not cognizable by the courts of common law and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue-” Miss.Code Ann. § 15-1-39 *599 (Rev.2003). Section 15-1-49 provides that “[a]ll actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.” Miss.Code Ann. § 15-1-49 (Rev. 2003).[5]
¶ 14. Our supreme court has construed section 15-1-39 as applicable to both express and implied trusts. Alvarez v. Coleman, 642 So.2d 361, 373 (Miss.1994) (citing Wholey v. Cal-Maine Foods Inc., 530 So.2d 136, 139 (Miss.1988)). However, “the application of section 15-1-39 is limited, in that the cause of action and the remedy of the case must be purely and exclusively equitable, or the general statute of limitations will be applied.” Id.
¶ 15. In Wholey, two limited partners filed suit in the Chancery Court of Hinds County against the general partner alleging fraud, self-dealing, and breach of fiduciary duty. Wholey, 530 So.2d at 139. The limited partners sought relief in the form of a constructive trust. Id. at 140. The chancery court applied the six-year statute of limitations and granted the general partner’s motion for summary judgment finding that the limited partners’ actions were “based upon fraud, cognizable by the courts of common law....” Id. at 139. On appeal, the supreme court reversed, finding that the limited partner’s cause of action was purely equitable as it sought the imposition of a constructive trust and would necessarily involve a partnership accounting. Id. at 139-40. In reaching this decision, the court stated:
In Stebbins v. Hayes, 379 So.2d 898 (Miss.1980), this Court looked to the allegations in the complaint in determining that the theory of the case was in the nature of an implied trust or the right to a partnership accounting, so as to mandate the application of the ten-year statute of limitations in § 15-1-39.
Id. The court in Wholey applied the ten-year statute of limitations of section 15 — 1— 39. Id.
¶ 16. In Alvarez, the plaintiffs claimed title to real estate as beneficiaries of a purported family trust agreement. Alvarez, 642 So.2d at 364. The chancellor dismissed the case as barred by the six-year statute of limitations. Id. at 373. On appeal, the supreme court reversed the dismissal reasoning that although Alvarez advanced a breach of contract claim, for which the remedy is found at law, “[his] primary argument in this case — the existence of a constructive trust — is based in equity.” Id. at 374. The court then applied the ten-year statute to Alvarez’s claims for equitable relief on the theory of a constructive trust. Id.
. ¶ 17. In the instant case, we find that the Winterses’ action is not purely and exclusively equitable. The Winterses’ complaint demonstrates that the nature of the present action is a tort action for the alleged breach of the fiduciary duty of care by negligently acting with regard to the trust property. Importantly, the Winters-es seek no equitable relief. As distinguished from Wholey and Alvarez, the Winterses do not seek to impose a constructive trust. Instead, they seek purely legal relief, namely, compensatory and punitive money damages in the amount of $180,000,000. Therefore, we find that the cause of action and the remedy of this case are not purely and exclusively equitable. We hold that the chancellor did not err in applying the general six-year statute of limitations of section 15-1-49.

*600
S. Continuing Tort Doctrine

¶ 18. The Winterses argues that the continuing tort doctrine applies and should toll the statute of limitations in the instant case. Stevens v. Lake, 615 So.2d 1177, 1183 (Miss.1993). They argue that the Bank has made continued and repeated injuries to the Winterses’ estate. Conversely, AmSouth argues that the continuing tort doctrine does not apply and that the statute of limitations begins to run when a plaintiff can be reasonably held to have knowledge of the injury. Baldwin v. Holliman, 913 So.2d 400(26) (Miss.Ct.App.2005).
¶ 19. “A ‘continuing tort’ is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation.” Stevens, 615 So.2d at 1183 (citing C.J.S., Limitations of Actions § 177 at 230-31). Continual ill effects from an identified unlawful act is insufficient to invoke the continuing tort doctrine. Id.
¶ 20. In the instant case, each wrongful act or omission alleged by the Winterses is identifiable and distinct. The Winterses’ complaint points to numerous instances of alleged wrongful or negligent conduct, however, the acts or omissions asserted are not continual. There is an ascertainable date on which the acts or omissions occurred and the tort was complete. The Winterses essentially claim that the effects of multiple wrongful or negligent acts have combined to produce an ongoing injury in the form of monetary loss. Although the ill effects of AmSouth’s alleged wrongful acts may be continual, this does not warrant the application of the continuing tort doctrine. We hold that the chancellor did not err in its determination that the continuing tort doctrine is inapplicable to the Winterses’ claims.
¶ 21. THE JUDGMENT OF THE LOWNDES COUNTY CHANCERY COURT IS AFFIRMED. ALL COST OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. LEE, P.J., NOT PARTICIPATING.

. The events leading up to this case occurred while the Bank was Deposit Guaranty National Bank. However, DGNB later became Am-South Bank which recently became Regions Bank on November 4, 2006.

. The residuary trust was terminated by court order dated November 30, 1984, and the assets were transferred to Mrs. Winters, the sole remainderman. The timberland trust remains in existence with the Bank serving as trustee and the Winterses as income beneficiaries.

. The style of the original complaint included as plaintiffs William Douglas Winters, Roberta Louise Winters, Linda Louise Winters Lavender, and John Everette Winters. The complaint was later amended to add a party plaintiff, Ivy June Winters Peterson, and to reformulate the style of the case to include Susan Patricia Winters, who was named in paragraph two of the original complaint instead of in the style of the case.

. This suit was filed October 25, 1993. Section 15-1-49 provided for a six-year statute of limitations until 1989, when it was amended to provide a three-year' period of limitation applicable to causes of action accruing on or after July 1, 1989.

. As noted above, this statute provided for a six-year statute of limitations until 1989, when it was amended to provide a three-year period of limitation applicable to causes of action accruing on or after July 1, 1989.