*1105 WALLER, Chief Justice,
for the Court:
¶ 1. Lamar Hooker appeals from the Carroll County Chancery Court’s grant of Stephen C. Greer’s Motion for Partial Summary Judgment, in which the court awarded attorney’s fees to Greer based on Hooker’s improper filing of a lis pendens, and Greer’s Motion for Summary Judgment on Hooker’s counterclaim. We affirm the trial court’s finding that the lis pendens was improperly filed. However, because the trial court based the attorney’s fees award on an improper interpretation of the Litigation Accountability Act, we reverse the judgment, vacate the award, and remand for further consideration. Finally, we affirm the trial court’s grant of summary judgment for Greer on Hooker’s counterclaim, holding that his claim is subject to the three-year statute of limitations and, thus, is time-barred.
FACTS AND PROCEDURAL HISTORY
¶ 2. Greer and Hooker knew each other for more than thirty years, having worked together in multiple business ventures. In early 2002, Greer and Hooker entered into an agreement for the purchase, development, and sale of two tracts of land— Prairie Point Towhead, located in Arkansas, and Lee Towhead Island, in Missouri. Each party made monetary contributions and participated in certain decisions regarding the development and marketing of the properties. In November 2002, Greer and Hooker executed agreements with T. Eugene Moss, a forester, and Gary Davidson, a logger, for the removal of timber from Lee Towhead Island. In the agreements, Hooker and Greer were referred to as “H/G,” and each signed the agreements as the “Owner” of Lee Towhead Island.
¶ 3. In September 2003, Greer sent a letter to Hooker in which he cancelled their business arrangement. In this letter, he characterized the relationship as a “proposed joint venture” and declared such proposed venture “null and void.” Greer claimed the “proposed joint venture” was predicated on Hooker’s ability to put up one half of the initial capital investment to purchase the properties, and that Hooker had failed to do so. In the letter, Greer acknowledged that Hooker had contributed approximately $100,000, and Greer said he would “render a final accounting” on those funds to Hooker as soon as possible. Greer requested that Hooker send him calculations of his un-reimbursed expenses and documentation in support thereof.
¶ 4. Hooker alleges that, after receiving this letter, he attempted to contact Greer both by phone and in person to seek repayment of his contributions. Hooker alleges that Greer stated he would not pay Hooker any money. Greer acknowledges that Hooker showed up at his house in May 2007 demanding repayment.
¶ 5. In August 2005, Hooker, without counsel, filed a lis pendens notice[1] with the Chancery Clerk of Carroll County, Mississippi. The notice said that Hooker was instituting a lawsuit[2] against Greer in Madison County, Mississippi, for $141,000. The lis pendens designated land that Greer owned in Carroll and Holmes[3] Counties as the “subject property” of the suit.
*1106 ¶ 6. Greer became aware of the lis pen-dens while marketing his property in Carroll County. Greer claims he sent a letter to Hooker in January 2009 requesting that Hooker cancel the Us pendens. Hooker alleges that he never received such a letter, and the record does not contain a signed copy.[4]
¶ 7. On May 28, 2009, Greer filed a Complaint to Remove Cloud on Title, seeking to have the Us pendens cancelled. In the complaint, Greer also sought recovery of his attorney’s fees. On June 30, 2009, Hooker filed an Answer and CounterClaim, admitting the lis pendens, but denying that it was improperly filed. In his counterclaim, Hooker alleged he and Greer had entered into an “equitable partnership.” Hooker alleged Greer had breached his fiduciary duties to Hooker by terminating the partnership. Hooker claimed Greer had been unjustly enriched at his expense by at least $141,000, and that he (Hooker) had suffered a $141,000 loss. Hooker asked the court to impose a constructive trust on nonspecific “funds or properties” held by Greer. In his request for relief, Hooker demanded a monetary judgment “in the amount of $141,000, together with interest and costs.”

The Lis Pendens and Attorney's Fees Award

¶ 8. On October 1, 2009, Greer filed a Motion for Partial Summary Judgment, arguing that he was entitled to cancellation of the Us pendens and an award of attorney’s fees. Prior to the hearing on Greer’s motion, Hooker’s counsel advised Greer’s counsel that Hooker would not contest the cancellation of the Us pendens, but would oppose Greer’s request for attorney’s fees. On November 11, 2009, the day scheduled for hearing on Greer’s motion for summary judgment, Hooker formally cancelled the Us pendens in the docket of the Carroll County Chancery Clerk.
¶ 9. At the summary judgment hearing, counsel for Greer argued that Greer was entitled to attorney’s fees under the Litigation Accountability Act of 1988 (“the LAA”).[5] Greer’s counsel argued that Hooker’s improper filing of the lis pen-dens, as well as his denial of the lis pen-dens ’ impropriety, formed the basis for an award of attorney’s fees under the LAA. At the conclusion of the plaintiffs argument, Hooker’s attorneys announced that they were not prepared to argue the issue of attorney’s fees as arising under the LAA, and they requested additional time to respond. The court granted the request, and, on December 29, 2009, Hooker submitted a supplemental brief, along with supporting exhibits and affidavits, addressing the applicability of the LAA.
¶ 10. Hooker argued that the filing of a Us pendens was not an “action,” as that term is defined under the LAA. Hooker also argued that there was no evidence that he knew or reasonably should have known that his filing of the Us pendens was without substantial justification, as required by the LAA for awarding attorney’s fees against a party acting pro se.[6] That said, counsel for Hooker, in the Answer to Greer’s Complaint to Remove Cloud on Title, denied the impropriety of the Us pendens. Hooker’s attorneys argued that they acted in a reasonable manner in contesting the complaint because they had not yet had time to fully investigate the facts surrounding the claim. Hooker’s attorneys also argued they had timely notified *1107 Greer’s counsel that the impropriety of the lis pendens would not be contested. Notwithstanding this concession, no actions were taken to dismiss the lis pendens until the day of the hearing on Greer’s motion for summary judgment.
¶ 11. On March 22, 2010, the court issued a judgment granting Greer’s motion and awarding Greer attorney’s fees in the amount of $12, 794.88.[7] The court held that Hooker’s filing of the lis pendens constituted a frivolous claim that was without substantial justification. As such, the court held that Hooker, individually, should be assessed attorney’s fees. The court awarded Greer the attorney’s fees he had incurred related to the lis pendens, through November 12, 2009. The court did not assess attorney’s fees against Hooker’s counsel.

The Counterclaim

¶ 12. On April 21, 2010, Greer filed a Motion for Summary Judgment[8] on Hooker’s counterclaim, arguing that the claim was barred by the three-year statute of limitations. Greer also argued that Hooker was not entitled to a constructive trust, which would give rise to a ten-year statute of limitations, since the parties never formed a partnership, but rather had a “proposed joint venture” which never materialized, due to Hooker’s alleged failure to provide his half of the funding. Greer further argued that, even assuming a partnership did exist and that a constructive trust arose, Hooker would be responsible for a portion of the financial loss incurred by the partnership, which Greer alleged totaled more than $1 million.
¶ 13. In his response, Hooker asserted that he and Greer were, in fact, partners.[9] Hooker alleged that Greer’s admission, in his September 2003 letter, that he owed Hooker an “accounting” was evidence that Greer and Hooker had formed a partnership. As additional evidence of the alleged partnership, Hooker referenced the agreements that he and Greer had entered into with Moss and Davidson regarding the removal of timber from Lee Towhead Island. Hooker argued that Greer had breached his fiduciary duties to Hooker, had failed to provide a partnership accounting, and wrongfully had retained partnership property. As such, Hooker argued a constructive trust should be imposed on the partnership property, as it existed on September 9, 2003, for Hooker’s benefit. Hooker argued that his claim was not barred, as claims for a constructive trust are subject to the ten-year statute of limitations found in Mississippi Code Section 15-1-39 (Rev.2003).
¶ 14. On June 29, 2010, the court granted Greer’s Motion for Summary Judgment. The court characterized the parties’ relationship as an unwritten joint venture or “single-shot partnership” in relation to the Lee Towhead Island and the Prairie Point Towhead properties. The court found that Hooker had contributed ap *1108 proximately $120,000 to the business venture. The court held that Greer’s 2003 termination letter to Hooker put the roughly $120,000 owed to Hooker at issue. The court said the record was devoid of fraud, abuse of confidence, wrongful conduct, or any other unconscionable conduct on the part of Greer. The court noted that Greer’s letter acknowledged that Hooker had contributed money and that an accounting should be made between the parties. The court found that Hooker had not pursued an accounting in a timely fashion. As such, the court found that a constructive trust was not applicable in this case, and it held that Hooker’s counterclaim was barred by the three-year statute of limitations. Hooker timely appealed from the court’s final judgment and its prior interlocutory judgments.
ISSUES
¶ 15. Hooker brings two issues on appeal:[10]
1) Whether the trial court erred in awarding Greer attorney’s fees under the LAA, and
2) Whether the trial court erred in granting Greer’s motion for summary judgment on Hooker’s counterclaim.
STANDARD OF REVIEW
¶ 16. This Court reviews a trial court’s grant or denial of summary judgment de novo. Waggoner v. Williamson, 8 So.3d 147, 152 (Miss.2009). This Court also reviews grants or denials of partial summary judgment de novo. Id. at 153. Summary judgment shall be rendered when “the pleadings, depositions, answers to interrogatories and admissions on file ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Miss. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists, whereas the nonmoving party is given the benefit of the doubt as to the existence of a material fact. Waggoner, 8 So.3d at 152-53. When considering a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmov-ing party. Id. at 152.
¶ 17. This Court reviews an award of attorney’s fees for abuse of discretion. Miss. Power & Light Co. v. Cook, 832 So.2d 474, 478 (Miss.2002). However, this Court conducts a de novo review of questions of law — including whether the LAA applies to Hooker’s filing of the lis pendens. See Bank of Miss. v. Southern Mem’l Park, Inc., 677 So.2d 186, 191 (Miss.1996).
DISCUSSION
I. Whether the trial court erred in awarding attorney’s fees based on Hooker’s improper filing of the lis pendens.
A. The lis pendens
¶ 18. Hooker filed a lis pendens in Carroll County but took no other action *1109 to pursue a claim against Greer. A lis pendens is intended to serve as “notice to the world of an alleged claim of a lien or interest in the property.” Aldridge v. Aldridge, 527 So.2d 96, 99 (Miss.1988). Filing a lis pendens is a preliminary action necessary to file a civil action to enforce an interest in property. See Miss.Code Ann. §§ 11—47—8, 11-47-9 (Rev.2002). The lis pendens filing provides notice to the public of an alleged claim on land. Aldridge, 527 So.2d at 99.
¶ 19. It is undisputed that Hooker took no action with respect to the lis pen-dens from August 2005, when he filed the lis pendens, until after Greer filed his suit in May of 2009 to remove the cloud on title. There is further no issue that the lis pendens filing was without any legal or arguable basis, as Hooker had no alleged claim on Greer’s land in Carroll and Holmes Counties. We therefore affirm the trial court’s finding that the filing of the lis pendens was without basis in fact or law, and was without substantial justification.

B. The Litigation Accountability Act (“LAA”)

¶ 20. Hooker argues that the LAA does not authorize awarding attorney’s fees based on the filing of a lis pendens. While the filing of the lis pen-dens notice itself does not constitute an “action” subject to the LAA, a defense to an action to remove a lis pendens, filed without substantial justification, may form the basis of an award under the LAA.
¶21. The LAA allows costs and expenses for claims or defenses asserted without substantial justification:
[I]n any civil action commenced or appealed in any court of record in this state, the court shall award ... reasonable attorney’s fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment.
Miss.Code Ann. § 11-55-5(1) (Rev.2002) (emphasis added). The LAA defines an “action” as involving not only a claim, but also a defense:
“Action” means a civil action that contains one or more claims for relief, defense or an appeal of such civil action. For purposes of this chapter only, an “action” also means any separate count, claim, defense or request for relief contained in any such civil action.
Miss.Code Ann. § 11-55-8 (Rev.2002) (emphasis added).
¶ 22. The LAA provides for the award of attorney’s fees for actions taken by parties or their attorneys within the confines of a civil action. The provisions of the LAA are in harmony with those of Mississippi Rule of Civil Procedure 11, which allows for the awarding of attorney’s fees as a sanction. Rose v. Tullos, 994 So.2d 734, 738 (Miss.2008). The LAA merely augments Rule 11 by “stating that the court shall specifically set forth the reasons for awarding attorney fees and costs and enumerates factors which shall be considered by the court.” Rose, 994 So.2d at 738 (quoting Stevens v. Lake, 615 So.2d 1177, 1184 (Miss.1993)). The LAA’s definition of “action,” in which it also discusses “claims” and “defenses,” is similarly designed to restrict the LAA’s applicability to filings within the confines of a civil action. See Miss.Code Ann. § 11-55-3; see also Randolph v. Lambert, 926 So.2d 941, 944 (Miss.Ct.App.2006) (“The court will only award fees when a party brings *1110 frivolous or bad faith litigation.”) (emphasis added).

C. The defense of the complaint to remove cloud on title

¶ 23. Greer asserts that, even if the filing of a lis pendens is not considered an action, Hooker’s defense of the lis pendens in his Answer provided the basis for an award of attorney’s fees under the LAA. We agree with Greer that the LAA provides for attorney’s fees awards based on a frivolous or bad-faith defense. However, the trial court’s judgment is clear that the award was based on Hooker’s filing of the lis pendens.[11] Since the LAA' does not support a sanction based on Hooker’s filing of the lis pendens, we vacate the trial court’s award. On remand, the court should, consistent with today’s opinion, consider whether to award attorney’s fees for the defense to Greer’s action to remove the lis pendens. See Miss.Code Ann. § 11-55-5(1) (“the court shall award ... reasonable attorney’s fees and costs against any party or attorney if the court ... finds that an attorney or party ... asserted any claim or defense, that is without substantial justification.”) (emphasis added).
II. Whether the trial court erred in granting Greer’s motion for summary judgment on Hooker’s counterclaim.
¶ 24. In his second issue on appeal, Hooker claims the trial court erred in finding his counterclaim time-barred by the three-year statute of limitations and granting Greer’s motion for summary judgment. Hooker argues that his claim is one for a constructive trust and that such claims are subject to the ten-year statute of limitations found in Mississippi Code Section 15-1-39 (Rev.2003).[12] We hold that Hooker has not made out a claim for a constructive trust, and we therefore affirm the trial court.
¶ 25. Mississippi Code Section 15-1-39 provides that “[b]ills for relief, in case of the existence of a trust not cognizable by the courts of common law and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue.... ” Miss.Code Ann. § 15-1-39 (Rev.2003). The ten-year statute of limitations, applicable to constructive trusts, applies only to claims which are “purely and exclusively equitable.” Winters v. AmSouth Bank, 964 So.2d 595, 599 (Miss.2007) (quoting Alvarez v. Coleman, 642 So.2d 361, 373 (Miss.1994)). Claims which seek a legal remedy, on the other hand, are subject to the general three-year statute of limitations, unless otherwise provided. Winters, 964 So.2d at 599.
¶ 26. In Wholey v. Cah-Maine Foods, Inc., 530 So.2d 136, 137 (Miss.1988), two limited partners sued general partners, alleging the general partners had been misappropriating funds from the partnership through self-dealing and had been making and concealing profits. The plaintiffs alleged the general partners had breached their fiduciary duties to the partnership, *1111 and the plaintiffs requested a partnership accounting and the imposition of a constructive trust. Id. at 139-140. The Court noted that fiduciaries can be held as constructive trustees with respect to “secret profits or commissions obtained by the violation of a confidence or duty....” Id. at 140 (quoting 76 Am.Jur.2d Trusts § 232, 455 (1975)). Finding that the claim was one for a constructive trust based on the defendants’ breach of fiduciary duties and retention of secret or hidden profits, the Court applied the ten-year statute of limitations. Id. at 140.
¶ 27. In Winters v. AmSouth Bank, 964 So.2d 595, 596 (Miss.App.2007), income beneficiaries of testamentary trusts sued a bank, alleging breach of fiduciary duty for actions taken with respect to the trust property. After the trial court held the plaintiffs’ claims barred by the general six-year statute of limitations,[13] the plaintiffs appealed, arguing that their claim should be subject to the ten-year statute of limitations found in Section 15-1-39. Id. at 598. In affirming the trial court, the Court found the plaintiffs’ claims to be of a legal, rather than equitable, nature. Id. at 599. The Court held, “the [plaintiffs] do not seek to impose a constructive trust. Instead, they seek purely legal relief, namely, compensatory and punitive money damages in the amount of $180,000,000.” Id.
¶ 28. Unlike the plaintiffs’ claim in Wholey, Hooker’s claim is not “purely and exclusively equitable.” In his counterclaim, Hooker alleged that Greer had been unjustly enriched and that “[t]he Court should impose a constructive trust or equitable lien on all funds or properties held by Counterdefendant.” However, these assertions notwithstanding, it is clear that Hooker seeks only a monetary judgment to compensate him for his alleged losses. In his counterclaim, he alleges to have suffered “financial losses in the sum of $141,000.” Furthermore, in his request for relief, Hooker asserts that he is demanding judgment “in the amount of $141,000, together with interest and costs.” Hooker did not request a partnership accounting, nor does he claim a one-half interest in the Prairie Point Towhead and Lee Towhead Island properties, or any other partnership property. Rather, he seeks only a return of his money. It is plain that, while he couches his claim in terms of a constructive trust, Hooker seeks only compensation for his alleged losses in the parties’ failed business venture. A compensatory money damage award is a remedy at law. See Winters, 964 So.2d at 599 (holding compensatory money damages to be “purely legal relief’). As such, Hooker’s claim is not “purely and exclusively equitable.” See id. The trial court correctly found that Hooker’s claim was subject to the general three-year statute of limitations and, thus, time-barred.
CONCLUSION
¶ 29. We affirm the trial court’s finding that the filing of the Us pendens was without substantial justification. However, the trial court based its award of attorney’s fees on the baseless filing of the lis pen-dens, which is an improper reading of the LAA. Accordingly, we vacate the trial court’s award and remand for further proceedings to determine, under the Litigation Accountability Act, the propriety of the defense to the complaint to remove cloud on title.
*1112 ¶ 30. Finally, we hold that Hooker’s counterclaim is subject to the three-year statute of limitations and, thus, is time-barred. Accordingly, we affirm the trial court’s grant of summary judgment to Greer on Hooker’s counterclaim.
¶ 31. AFFIRMED IN PART; REVERSED AND VACATED IN PART; AND REMANDED.
CARLSON, P.J., LAMAR, CHANDLER, PIERCE AND KING, JJ., CONCUR. KITCHENS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND RANDOLPH, J.

.Miss.Code Ann. § 11-47-3 (Rev.2002). The purpose of a lis pendens is "to give notice to the world of an alleged claim of a lien or interest in the property.” Aldridge v. Aldridge, 527 So.2d 96, 99 (Miss.1988).

. Hooker never filed such a lawsuit.

. Hooker did not file a lis pendens with the Holmes County Chancery Clerk.

. Greer did produce a copy of this letter, however the copy is not signed, and Hooker denies receiving it.

. Miss.Code Ann. § 11-55-5 (Rev.2002).

.It is undisputed that Hooker was acting without counsel when he filed the lis pendens.

. Even though Hooker already had cancelled the Us pendens, the court, in its judgment, ordered the lis pendens to be cancelled. Hooker's appeal concerns only the portion of the judgment awarding attorney's fees.

. Greer initially filed a Motion to Dismiss on Hooker's counterclaim. Hooker's response to this motion referenced certain matters outside the pleadings. Because the court determined these matters went to the heart of the issue of Hooker’s counterclaim and Greer’s motion, and in accordance with Mississippi Rule of Civil Procedure 12(b), the court ordered that Greer's motion be amended to a Motion for Summary Judgment.

.Hooker asserted that he was "entitled to partial summary judgment that there was indeed a partnership....” The court interpreted this as a motion for partial summary judgment, and denied as much. This issue is not before the Court on appeal.

. Hooker appeals, in part, from a grant of partial summary judgment. Despite this, the case is proper for appellate review. Greer’s motion on the lis pendens issue was for “partial” summary judgment because Hooker's counterclaim was still pending. Greer requested the court enter a Rule 54(b) final judgment, but the court’s judgment on Greer's motion did not contain a Rule 54(b) certification. However, when the court granted Greer's Motion for Summary Judgment on Hooker’s counterclaim, the court disposed of the remaining claims in the action. When taken together, the court's orders dispose of all claims against all parties, making the case proper for appeal. See Calvert v. Griggs, 992 So.2d 627, 631 (Miss.2008) ("An appeal to this Court may be taken as a matter of right only after the trial court disposes of all the claims against all defendants.”).

. The trial court’s judgment includes the following language:
... the lis pendens filing had no basis in law or fact and was clearly intended to harass.... His frivolous claim through the filing of the lis pendens in Carroll County, Mississippi, was without substantial justification .... As a result of Mr. Hooker’s frivolous lis pendens filing ....
(Emphasis added.)

. Hooker does not dispute that, if his claim is subject to the three-year statute of limitations, his claim is time-barred. Similarly, Greer does not dispute that Hooker’s claim would not be time-barred, if it is subject to the ten-year statute of limitations.

. Mississippi Code Section 15-1-49 provided for a six-year period of limitations for claims arising before July 1, 1989. The statute provides for a three-year period of limitations for claims arising on or after this date.